IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TERRA RENEWAL, LLC**                                                                                  **PLAINTIFF**

vs.                                                **4:11CV00653-BRW**

**DANIEL McCARTHY, INDIVIDUALLY**                                                      **DEFENDANTS**
**AND IN HIS CAPACITY AS PRESIDENT**
**OF LAKESIDE CAPITAL DEVELOPMENT**
**LLC and d/b/a MIDWEST EQUIPMENT**
**LEASING,** *et al.*

<u>**ORDER**</u>

Pending is Plaintiff's Second Motion for Default Judgment (Doc. No. 26). No response has been filed, and the time for doing so has passed.[1] Plaintiff's Motion is GRANTED to the extent set out below.

**I.     BACKGROUND**

Plaintiff is a Delaware corporation headquartered in Russellville, Arkansas.[2] Plaintiff offers wastewater and residuals disposal solutions to companies nationwide. Defendant Lakeside Capital Development, LLC ("Lakeside") is Wisconsin Limited Liability Company; Defendant Daniel McCarthy is a resident of Wisconsin and president of Lakeside.[3] Defendants offer equipment financing services.

Plaintiff alleges that it entered into two agreements for equipment financing with Defendant Midwest Equipment Leasing. Under the first agreement ("First Agreement"), which is in writing, Plaintiff paid a $16,250 commitment fee in exchange for Defendants' financing

---

[1] Any response was due by April 2, 2012.

[2] Doc. No. 2.

[3] *Id.*

1

services. The First Agreement is attached to Plaintiff's Amended Complaint ("Complaint").[4] Under the second agreement ("Second Agreement") (collectively, the "Agreements"), which was an oral agreement, Plaintiff paid an $80,000 commitment fee for Defendants' financing services. Each commitment fee represented approximately 2% of the total value of the transactions to be financed and was paid to Defendants in exchange for Defendants' services. Plaintiff maintains that Defendant Daniel McCarthy ("McCarthy") personally guaranteed both Agreements. Although Plaintiff paid $96,250 in commitment fees, Plaintiff never received the financial services for which it contracted, and Defendant has not returned the $96,250.

Plaintiff sued Defendants for breach of contract, fraud, and unjust enrichment, and included a claim under Ark. Code Ann. § 16-118-107[5] (alleging a class B felony), as well as a civil RICO claim. Plaintiff also asks that the corporate veil be pierced to hold McCarthy personally liable.

There has been no entry of appearance on Defendants' behalf. Defendants did not answer or otherwise respond to Plaintiff's Complaint. On March 6, 2012, Plaintiff filed a Motion for Clerk's Entry of Default;[6] the Clerk entered default on March 8, noting service of the Complaint on January 26, 2012.[7] On March 16, 2012, Plaintiff filed a Second Motion for

---

[4]Doc. No. 2, Ex. 1.

[5]Ark. Code Ann. § 16-118-107(a) reads:
(1) Any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct.
(2) The burden of proof for showing conduct that constituted a felony shall be a preponderance of the evidence.
(3) If the person who is injured or damaged prevails, he or she shall be entitled to recover costs and attorney's fees.

[6]Doc. No. 23.

[7]Doc. Nos. 24, 25.

Default Judgment.[8]  Defendants did not respond.  I held a default judgment hearing on June 5, 2012.  Defendants did not appear.

## II. STANDARD OF REVIEW

After default is entered against a party that has not appeared or has otherwise failed to defend, default judgment may be sought.[9]  A default judgment "binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint" except for facts relating to the amount of damages.[10]  "[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested."[11]  "However, . . . 'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[12]  When a party applies to the court for default judgment, a court may conduct a hearing to establish the truth of any allegation and to determine the amount of damages.[13]  If the damages claim is for an uncertain sum, the amount of damages must be proved to a reasonable degree of certainty.[14]

## III. DISCUSSION

### A. Breach of Contract and Personal Guaranty

---

[8]Doc. No. 26.

[9]FED. R. CIV. P. 55.

[10]*Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004).

[11]*Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)).

[12]*Id*. (internal citations omitted).

[13]FED. R. CIV. P. 55(b)(2).

[14]*Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001).

Based on the allegations in the Complaint, the First Agreement attached to the Complaint, and testimony at the June 5, 2012 hearing, I find that Plaintiff and Defendants entered into two contracts -- the First Agreement and the Second Agreement -- and that Defendants breached those contracts. I also find that McCarthy personally guaranteed both Agreements.

**B.     Fraud and Piercing the Corporate Veil**

To establish fraud, Plaintiff must show that Defendants: (1) made a false representation of material fact; (2) knew that the representation was false; and (3) intended that Plaintiff act in reliance on the misrepresentation.[15] Plaintiff must also show that it justifiably relied on the misrepresentation and that it suffered as a result of the misrepresentation.[16]

Plaintiff alleges that McCarthy materially misrepresented his industry qualifications and connections, and his affiliation with industry groups, as well as his intent and ability to secure financing.[17] According to Plaintiff, Defendants represented that they had immediate access to the financing amount. The Complaint further alleges that McCarthy said "the deal was done" as to the first financing transaction in order to induce Plaintiff into proceeding with the second financing transaction.[18]

In reliance on these misrepresentations, Plaintiff entered into both Agreements. As set out above, Plaintiff never received the financing or its money back, and Defendants avoided

---

[15]*Archer-Daniels-Midland Co. v. Beadles Enters.*, 367 Ark. 1, 6 (2006).

[16]*Id.*

[17]Doc. No. 2.

[18]*Id.*

4

contact with Plaintiff after receiving the second commitment fee. Accepting the allegations in the Complaint -- which were further explained at the June 5, 2012 hearing -- as true, Plaintiff has established fraud.

It further appears that the corporate form has been abused and that the corporate veil should be pierced. Accordingly, McCarthy will be held personally liable.

### C.    Unjust Enrichment

Under the equitable doctrine of unjust enrichment, "one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated . . . ."[19] While generally there can be no unjust enrichment in contract cases, when a contract is void, unjust enrichment may be asserted as an alternate remedy.[20] Above I found that Plaintiff and Defendants entered into two contracts, and that Defendants breached both. In the alternative, I find that Defendants have been unjustly enriched in the amount of $96,250.

### D.    Ark. Code Ann. § 16-118-107

Under Arkansas law, a person who has been damaged by another's conduct, when that conduct constitutes a felony, may file a civil action to recover damages arising from the felonious actions.[21] Plaintiff alleges that Defendants committed class B felony theft of property and seeks the damages arising from the theft.

> A person commits theft of property if he or she knowingly takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property;

---

[19]*Pro-Comp Mgmt. v. R.K. Enters.*, LLC, 366 Ark. 463, 469 (2006).

[20]*Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, at *23 (2011) (citing 1 Howard W. Brill, *Arkansas Law of Damages* § 31:2 (5th ed. 2010)).

[21]Ark. Code Ann. § 16-118-107.

or obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property.[22]

Theft of property is a B felony if the value of the property is $25,000 or more.[23]

Here, Defendants made misrepresentations to Plaintiffs with the intent of collecting the commitment fees. Accepting the allegations in the Complaint as true, Defendants received the commitment fees with the purpose of depriving Plaintiff of its money. Plaintiff may recover under Ark. Code Ann. § 16-118-107.

    **E.**    **Civil RICO**

To succeed on a RICO claim, a plaintiff must prove: (1) the existence of an enterprise; (2) a defendant's association with the enterprise; (3) a defendant's participation in predicate acts of racketeering; and that (4) the defendant's actions constitute a pattern of racketeering activity.[24] A pattern "requires the showing of a relationship between the predicates . . . and of the threat of continuing activity."[25] Continuity refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."[26] In short, a plaintiff may establish closed-ended or open-ended continuity. "Closed-ended continuity involves a series of related predicates extending over a substantial period of time . . . ."[27] The Eighth Circuit has found that closed-ended continuity can be shown by predicate acts spanning

---

[22]Ark. Code Ann. § 5-36-103(a).

[23]Ark. Code Ann. § 5-36-103(b)(1)(A).

[24]*Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003).

[25]*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

[26]*Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008).

[27]*Crest Constr. II, Inc. v. Does*, 660 F.3d 346, 356 (8th Cir. 2011) (internal citations omitted).

of period of time of at least one year.[28]  Open-ended continuity requires a showing that a threat extends indefinitely into the future.[29]  With respect to open-ended continuity, the United States Supreme Court gave the following example:

> Suppose a hoodlum were to sell "insurance" to a neighborhood's storekeepers to cover them against breakage of their windows, telling his victims he would be reappearing each month to collect the "premium" that would continue their "coverage."  Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity.[30]

Plaintiff alleges that Defendants engaged in a pattern of racketeering activity involving mail fraud and wire fraud.[31]  The Complaint sets out that Defendants corresponded with Plaintiff through emails and telephone calls.  McCarthy made multiple misrepresentations to Plaintiff, upon which Plaintiff relied.  In reliance on the representations, Plaintiff entered into the First and Second Agreements.  The First Agreement was concluded around June 21, 2011; the Second Agreement was concluded around July 21, 2011.  Plaintiff does not specify when its contact with Defendants began.  After receiving the $80,000 commitment fee under the Second Agreement, Defendants seemingly have disappeared.

Plaintiff does not allege facts sufficient to establish continuity.  Nothing in the record indicates that predicate acts occurred over a substantial -- a year or more -- period of time.  Further, the acts involved here do not constitute a threat continuing indefinitely into the future.  Rather, there were two Agreements and when the second commitment fee had been paid, the

---

[28]*Id.* at 357.

[29]See *id.*

[30]*Northwestern Bell Tel. Co.*, 492 U.S. at 242.

[31]Doc. No. 2.

7

activity apparently ended. Because Plaintiff cannot establish continuity, its RICO claim fails. Because Plaintiff has not shown continuity, I will not address the other elements of a RICO claim.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Default Judgment is GRANTED in the amount of $96,250 in compensatory damages, and $3,000 in punitive damages. Plaintiff is awarded prejudgment interest on $16,250 and $80,000 from the time of the loss until judgment at the highest rate allowed by Arkansas law, or 6%.[32] Plaintiff is awarded post-judgment interest,[33] which will accrue at the rate of .20% per annum until the judgment is satisfied. Plaintiff is entitled to an award of costs and attorney's fees, and is directed to submit a motion within 10 business days of the date of this order.

IT IS SO ORDERED this 10th day of July, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[32] See *Kutait v. O'Roark*, 305 Ark. 538, 541 (1991); *Shepherd v. State Auto Property and Cas. Ins. Co.*, 312 Ark 502, 516 (1993).

[33] 28 U.S.C. § 1961.